J-S19029-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRAVIS TRUSEDALE | : | |
| | : | |
| Appellant | : | No. 1893 EDA 2017 |

Appeal from the PCRA Order May 25, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014556-2011,
CP-51-CR-0014665-2011

BEFORE:    SHOGAN, J., NICHOLS, J., and PLATT, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED JUNE 12, 2018**

Appellant Travis Trusedale appeals from the order dismissing his first timely petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant claims that plea counsel was ineffective and that the PCRA court should have held a hearing on his PCRA petition.  We affirm.

The PCRA court set forth the history of this case as follows:

FACTUAL HISTORY

On October 15, 2011, [Appellant] approached a thirteen (13) year old girl ([]First Victim[]) at a bus stop.  [Appellant] groped her, pulled her into a nearby alleyway, knocked her to the ground, grabbed different parts of her [body], and penetrated her vaginal area.  First Victim fought off [Appellant], but [Appellant] stole her cell phone and access cards before she ran away.  [Appellant] then went back to the same bus stop and, using the cell phone he stole from First Victim, caught a sixteen (16) year old (Second Victim's) attention.    [Appellant]  attacked  Second  Victim  and  forcibly

_____

[*] Retired Senior Judge assigned to the Superior Court.

penetrated her vagina and mouth with his penis. Furthermore, [Appellant] bit Second Victim's stomach. Good Samaritans nearby heard Second Victim's screams and cries and intervened. When the police arrived, [Appellant] took off on foot. However, police were able to apprehend [Appellant], who then gave the police a fake name. Both girls later identified [Appellant] as their attacker.

[Appellant] was arrested and charged with Rape by Forcible Compulsion (18 Pa.C.S.[] § 3121(a)(1)); Unlawful Contact with a Minor (18 Pa.C.S.[] § 6318(a)(1)); Unlawful Restraint Exposing to Risk of Serious Bodily Injury (18 Pa.C.S.[] § 2902(a)(1)); Sexual Assault (18 Pa.C.S.[] § 3124.1); False Imprisonment (18 Pa.C.S.[] § 2903(a)); Indecent Exposure (18 Pa.C.S.[] § 3127(a)); Indecent Assault Without Consent of Other (18 Pa.C.S.[] § 3126(a)(1)); Simple Assault (18 Pa.C.S.[] § 2701(a)); Recklessly Endangering Another Person (18 Pa.C.S.[] § 2705); Involuntary Deviate Sexual Intercourse by Threat of Forcible Compulsion (18 Pa.C.S.[] § 3123(a)(2)); Aggravated Assault (18 Pa.C.S.[] § 2702(a)); and Corruption of Minors (18 Pa.C.S.[] § 6301(a)(1)(i)).

PROCEDURAL HISTORY

On July 20, 2012, [Appellant] entered a non-negotiated guilty plea[1] to one (1) count of Rape by Forcible Compulsion (18

_____

[1] On July 20, 2012, the trial conducted an oral guilty plea colloquy. In relevant part, the following exchange occurred:

The Court: Are you under the influence of drugs or alcohol today?

[Appellant]:        No.

The Court: Suffering from any mental illness today?

[Appellant]:        No.

The Court: Satisfied with your attorney today?

[Appellant]:        Yes.

N.T., 7/20/2012, at 4-5.

In the written guilty plea colloquy, Appellant stated: "I have never seen a doctor or been in a hospital for any mental problems—I can understand what

- 2 -

Pa.C.S.[] § 3121(a)(1)); one(1) count of Unlawful Contact with a Minor (18 Pa.C.S.[] § 6318(a)(1)); one (1) count of Unlawful Restraint Exposing to Risk of Serious Bodily Injury (18 Pa.C.S.[] § 2902(a)(1)); and one (1) count of Involuntary Deviate Sexual Intercourse by Threat of Forcible Compulsion (18 Pa.C.S.[] § 3123(a)(2)). The Sexual Assault (18 Pa.C.S.[] § 3124.1); False Imprisonment (18 Pa.C.S.[] § 2903(a)); Indecent Exposure (18 Pa.C.S.[] § 3127(a)); Indecent Assault Without Consent of Other (18 Pa.C.S.[] § 3126(a)(1)); Simple Assault (18 Pa.C.S.[] § 2701(a)); Recklessly Endangering Another Person (18 Pa.C.S.[] § 2705) charges were dismissed. The Aggravated Assault (18 Pa.C.S.[] § 2702(a)) charge was disposed at lower court.

On January 4, 2013, this [c]ourt sentenced [Appellant] to [a] thirty-five (35) to seventy (70) year aggregate maximum sentence. On January 13, 2013, [Appellant] filed a Motion for Reconsideration of Sentence[.] On January 31, 2013, this [c]ourt denied [Appellant]'s Motion for Reconsideration, and affirmed Judgment of Sentence. On May 24, 2014, [Appellant] filed a Notice of Appeal with the Superior Court of Pennsylvania. On May 22, 2014, Judgment of Sentence was affirmed by the Superior Court of Pennsylvania. On March 6, 201[5], [Appellant] filed a *pro se* [PCRA] Petition.[2] On April 26, 2015, counsel filed an Amended PCRA Petition.[3] On July 20, 2016, counsel filed another

---

is going on. I am not under the influence of drugs or alcohol." Written Guilty Plea Colloquy, 7/20/12, at 1. The written colloquy explained Appellant's pre-trial, trial, and appellate rights, and that by pleading guilty, he was waiving his right to a trial and to most of his appellate rights. *Id.* at 2-3. Further, the written colloquy stated that Appellant was giving up his defenses at trial. *Id.* at 3. Appellant signed and stated that he understood the contents of the colloquy and that he was responding truthfully. *Id.*

[2] In his *pro se* PCRA petition, Appellant claimed ineffectiveness of counsel and challenged the legality of his sentence. Mot. for PCRA, 3/6/15, at 3.

[3] In the first amended PCRA petition, counsel for Appellant argued that trial counsel was ineffective by failing to seek a mental health evaluation to pursue an insanity defense. Amended PCRA Pet., 4/26/15, at ¶ 12.

Amended PCRA Petition.[4]    On December 13, 2016, the Commonwealth of Pennsylvania filed a Motion to Dismiss the Amended PCRA Petition.  On May 25, 2017, an order was filed denying the PCRA Petition.[5]  On June 9, 2017, a Notice of Appeal to the Superior Court of Pennsylvania was filed.  On June 26,

---

[4] Prior counsel filed the first amended PCRA petition, but was later removed as he had represented Appellant on direct appeal.  Current counsel was then appointed and filed the second amended PCRA petition.  ***See*** Appellant's Brief at 15.

In the second amended PCRA petition, counsel for Appellant argued three additional grounds for relief: (1) the guilty plea was unlawfully induced; (2) ineffectiveness of counsel in allowing Appellant to enter an unknowing or involuntary guilty plea; and (3) ineffectiveness of trial counsel in failing to seek recusal of the court in which Appellant was on probation.  Amended Pet. Under PCRA, 7/20/16, at ¶ 23.

[5] A review of the record does not show that the PCRA court sent a Pa.R.Crim.P. 907 notice of intent to dismiss without a hearing to Appellant.  Rule 907 states:

Except as provided in Rule 909 for death penalty cases,

(1) the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s).  If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal.  The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1).  However, Appellant does not raise this issue on appeal. Therefore, he has waived this issue. ***See Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013) ("The failure to challenge the absence of a Rule 907 notice constitutes waiver." (citation omitted)).

- 4 -

2017, this [c]ourt issued an order requiring [Appellant] to file a Concise Statement of Matters Complained of on Appeal within twenty-one days. That order was subsequently returned to this [c]ourt as undeliverable, and this [c]ourt issued a second order on July 20, 2017. On August 9, 2017, [Appellant] filed a Concise Statement with this Court.

PCRA Op. at 1-3 (unpaginated) (citations omitted).

Appellant raises two issues on appeal, which we have reordered as follows:

1. Whether the court erred in not granting relief on the PCRA petition alleging [t]rial [c]ounsel was ineffective.

2. Whether the [c]ourt erred in denying the Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding [t]rial [c]ounsel's ineffectiveness.

Appellant's Brief at 8.[6]

_____

[6] While Appellant appears to have abandoned the issue of whether trial counsel should have requested that the trial court recuse itself by failing to include it in the statement of questions presented pursuant to Pa.R.A.P. 2116(a), he includes an argument that appears to be aimed at that issue. Specifically, Appellant states that the increased sentence in this case "was possibly given due to the facts that [Appellant] violated the [c]ourt's probation." Appellant's Brief at 25. He further states that the trial judge imposed this sentence because he felt somewhat responsible for what happened "as he kept repeatedly saying this was all my fault that this happened." *Id.* (citation omitted).

To the extent that Appellant has properly raised this issue, we find it to be meritless. As the PCRA court stated, "[Appellant] provides no case law or other authority for the notion that a court is obligated to recuse itself if the defendant is also on its probation." PCRA Ct. Op., 8/18/17, at 7 (unpaginated). The court further stated that "[n]othing about the fact that [Appellant] was on this [c]ourt's probation impacted this [c]ourt's ability to be

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted).

In his first issue, Appellant argues that trial counsel was ineffective for failing to object to the trial court's guilty plea colloquy. Appellant, in support of his argument, asserts that although he has had a "clearly visible history of drug abuse" in conjunction with "his long-standing struggle with bi-polar disorder," trial counsel failed to ensure that the trial court properly accounted for his mental illness.[7] **Id.** at 22. He claims that he did not understand the rights he was giving up at the guilty plea colloquy and, thus, counsel should have objected to the lack of a full colloquy. **Id.** at 23. Appellant contends

_____

impartial, created the appearance of impropriety, or would undermine public confidence in the judiciary." **Id.**

[7] In his brief, Appellant further suggests that "the [t]rial [c]ourt . . . did not consider the rehabilitative needs of the Appellant because it imposed a manifestly excessive sentence, going beyond even the recommendation of the Commonwealth of twenty-three and a half (23.5) to forty-seven (47) years." Appellant's Brief at 22. To the extent Appellant attempts to claim the trial court imposed an excessive sentence, Appellant has previously litigated this issue. **See Commonwealth v. Trusedale**, 1593 EDA 2013, 2014 WL 10936943 (Pa. Super. May 22, 2014); **see also** 42 Pa.C.S. § 9543(a)(3) ("To be eligible for relief . . . the petitioner must plead and prove by a preponderance of the evidence . . . [t]hat the allegation of error has not been previously litigated[.]"). Moreover, a claim challenging the discretionary aspects of a sentence is not cognizable under the PCRA unless it is couched as ineffectiveness assistance of counsel. **See Commonwealth v. Fowler**, 930 A.2d 586, 593 (Pa. Super. 2007). In any event, Appellant also waived this claim for failure to include it in his Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b)(3)(iv).

that "[t]here was no [m]ental [h]ealth evaluation conducted geared to the very specific insanity defense." **Id.**

Appellant further contends that trial counsel had no reasonable basis justifying the course of action taken. He claims that because of his mental health issues, "a reasonable basis existed to alternatively take this matter before a jury instead of forcing a guilty plea upon the Appellant." **Id.** at 25. He claims "the defense of temporary insanity was clearly available." **Id.**

Regarding the prejudice prong, Appellant argues that he was clearly prejudiced as he was given a sentence fifteen years greater than that recommended by the Commonwealth at sentencing. He claims that but for counsel's ineffectiveness, "a trial before a jury may have yielded a more favorable result." **Id.**

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." **Commonwealth v. Rathfon**, 899 A.2d 365, 369 (Pa. Super. 2006) (citations omitted). Where the defendant enters his plea on the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Commonwealth v. Hickman**, 799 A.2d 136, 141 (Pa. Super. 2002) (internal quotation marks omitted).

To establish a claim of ineffective assistance of counsel, a defendant "must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence

could have taken place." ***Commonwealth v. Turetsky***, 925 A.2d 876, 880 (Pa. Super. 2007) (citation omitted).  The burden is on the defendant to prove all three of the following prongs:  "(1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." ***Id.*** (citation omitted); ***see Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009).  Moreover, trial counsel is presumed to be effective. ***Rathfon***, 899 A.2d at 369 (citation omitted).

In ***Commonwealth v. Allen***, 732 A.2d 582, 587 (Pa. 1999), the Pennsylvania Supreme Court stated:

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea.  In determining whether a guilty plea was entered knowingly and intelligently, a reviewing court must review all of the circumstances surrounding the entry of that plea.

***Id.***; ***accord Commonwealth v. Robinson***, ___ A.3d ___, 2018 WL 2041425, *6 (Pa. Super. 2018) (*en banc*).  "Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (internal quotation marks and citation omitted).  We add that a "person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea

- 8 -

which contradict the statements he made at his plea colloquy." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted).

Appellant's claim that trial counsel failed to ensure that the trial court properly accounted for his mental illness is belied by the record. During the oral colloquy, the trial court asked Appellant whether he was suffering from any mental illnesses, to which Appellant responded "No." N.T., 7/20/12, at 5. Further, in Appellant's written guilty plea colloquy, he acknowledged that he "has never seen a doctor or been in a hospital for any mental problems." Written Guilty Plea Colloquy, 7/20/12, at 2. Under oath, Appellant stated that he was not suffering from any mental illnesses, and thus, he cannot now seek to invalidate his plea by asserting that he lied during the colloquy. ***See Pollard***, 832 A.2d at 523.

As for Appellant's claim that he did not understand the rights he was giving up and that trial counsel was ineffective in failing to object to the lack of a full colloquy, this claim is also meritless. The written guilty plea colloquy explains in detail that by pleading guilty, Appellant was waiving the right to a trial by a jury or a judge. Written Guilty Plea Colloquy, 7/20/12, at 2-3. It stated that Appellant was giving up his pre-trial rights as well as most appellate rights. ***Id.*** The colloquy further stated that Appellant was giving up the right to raise defenses in his case and that he was satisfied with trial counsel's representation. ***Id.*** at 3. Finally, Appellant signed the written guilty

plea colloquy acknowledging that he read and understood the contents of the colloquy and that his answers were true and correct. *Id.*

Accordingly, because Appellant has not satisfied his burden of proving that his claim is of arguable merit, we conclude counsel was not ineffective. *See Daniels*, 963 A.2d at 419 ("A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." (citation omitted)).

For his second issue, Appellant argues that he was entitled to an evidentiary hearing "to further investigate the ambiguities in this case." Appellant's Brief at 19. Appellant argues that because trial counsel knew that "Appellant had a long and arduous history with bi-polar disorder, both struggling with and medically dealing with that condition and abusing non-prescription drugs," he "had a duty to ensure that either the [c]ourt or himself fully explained to the Appellant his rights that he would be giving up by entering into a non-negotiated, open plea deal." *Id.* at 10. Appellant argues that "this was not done." *Id.* He claims that, at a minimum, the PCRA court should have held an evidentiary hearing based on the merits of his claim to determine trial counsel's ineffectiveness. *Id.*

This Court has held that "[a] petitioner is not entitled to a PCRA hearing as a matter of right." *Commonwealth v. Smith*, 121 A.3d 1049, 1052 (Pa. Super. 2015) (citation omitted). "It is within the PCRA court's discretion to decline to hold a hearing." *Turetsky*, 925 A.2d at 882 (citation omitted). "[T]he PCRA court can decline to hold a hearing if there is no genuine issue

concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." ***Smith***, 121 A.3d at 1052 (citation omitted); ***see*** Pa.R.Crim.P. 907(1). On appeal, we "examine each of the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." ***Id.*** (citation omitted).

Here, the trial court found no merit to Appellant's claims. As explained above, the record fully supports the court's finding. Therefore, Appellant's claim did not warrant a hearing under Pa.R.Crim.P. 907. ***See*** Pa.R.Crim.P. 907; ***Smith***, 121 A.3d at 1052.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/12/18